UTICA,
August, 1823.

GANSEVOORT
v.
GILLILAND.

GANSEVOORT *against* GILLILAND.

DICKENSON *against* THE SAME.

Where a sheriff sold land under two executions, the plaintiff in one of which died several years before it issued, and the certificate of sale was given under, and the money applied upon the execution, the plaintiff in which had so died ; on due notice to the sheriff, and the defendant, *the court ordered the certificate amended,* and the money applied upon the valid execution, and that the other execution be set aside. But an order, that the sale under the

DICKENSON, being the owner of both the judgments in these causes, the first by assignment to him, from the plaintiff, in his life time, he, in *August,* 1821, and under executions then lately issued, caused to be sold, and himself became the purchaser, at Sheriff's sale, of a lot in *Seneca* county, at $1000. *D.* told the Sheriff that he might make out the certificate of sale, under which execution he pleased, who, accordingly, applied the bid to, and made his certificate under, the execution in the first cause, (pursuant to the statute, *sess.* 43, *ch.* 184, *s.* 1) the plaintiff wherein died several years before the execution issued. And now, upon proof that notice of this application had been served upon the Sheriff of *Seneca,* and *Gilliland,* the defendant, with copies of the papers upon which the application was founded,

Mr. *Mitchell,* in behalf of Mr. *Dickenson,* moved for a rule, upon the Sheriff, to amend the certificate filed, so that it should be under the execution in the second cause only ; and that the Clerk, with whom it was filed, and the party, allow such alteration : that the execution, in the first cause, be 2d execution be validated, was refused, as unnecessary.

set aside for irregularity, and the money applied on the execution in the second cause : also, that the sale under the execution in the second cause be validated and confirmed.

This motion was not opposed.

*Curia.* Take your rule, as moved for, except as to that part which orders " the sale under the execution in the second cause to be validated and confirmed." We see no need of that clause. The amendment has the effect intended, without this addition; and if it had not, such clause will not alter the case.

The following rule was directed by the Court :

" On, &c. ORDERED, that *Thomas Armstrong*, now, or late, Sheriff of the county of *Seneca*, amend the certificate of sale of lot No. 2, in the township of *Galen*, in the county of *Seneca*, by him given on the sale, under and by virtue of the executions in the above causes, by striking out that part of the said certificate describing the said lot as sold under and by virtue of the execution in the cause first above entitled, and inserting, in lieu of the part thus stricken out, that the said sale was had and made under and by virtue of the execution in the cause secondly above entitled ; and that the Clerk, and party who have custody of such certificate, allow and permit such amendment. And further, that the execution issued to the said Sheriff of *Seneca*, in the first above entitled cause, be set aside for irregularity. And further, that the monies, bid at the said sale, be applied, by the said Sheriff, to the said execution, in the said second above entitled cause.